

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GILBERT SALAZAR | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | **B-03-024** |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| CAMERON COUNTY, and | § | (JURY REQUESTED) |
| CONRADO CANTU, in his official | § | |
| and individual capacity | § | |
| *Defendants* | | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME DEFENDANTS CAMERON COUNTY and CONRADO CANTU, in his

Official Capacity, in the above styled and numbered matter, and files this their Notice of Removal

of the present cause from the 103rd Judicial District Court of Cameron County, Texas, pursuant to

28 U.S.C. §§ 1441 (b) and 1446 (a), in which it is now pending to the United States District Court

for the Southern District of Texas, Brownsville Division, and would respectfully show unto the Court

as follows:

## I.

1.     Plaintiff is Gilbert Salazar; Defendants are Cameron County and Conrado Cantu in his

Official and Individual Capacity.

2.     On December 31, 2002, Plaintiff filed Plaintiff's Original Petition against Defendants,

Cameron County and Conrado Cantu, in his Official and Individual Capacity in the 103rd Judicial

District Court of Cameron County, Texas, styled Cause No. 2002 12 5172-D; Gilbert Salzar vs.

<u>Cameron County and Conrado Cantu, in his Official and Individual Capacity.</u> A copy of Plaintiff's Original Petition is attached as part of the Index of Exhibits.

3.      Defendant Cameron County and Conrado Cantu, in his Official and Individual Capacity were served with Plaintiff's Original Petition on January 3, 2003. Defendants Cameron County and Conrado Cantu, in his Official Capacity filed this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

II.

4.      Removal is proper because plaintiff's suit involved a federal question. 28 U.S.C. § 1331 and 1441(b). Specifically, plaintiff has alleged violations of federal law in his original petition, involving the First and Fourteenth Amendments to the United States Constitution. Plaintiff asserts his termination resulted from his political association and for exercising rights guaranteed under both the State and Federal Constitution.

5.      Defendant Conrado Cantu, in his Individual Capacity, was served with process of this lawsuit on January 3, 2003 and consents to the removal of this case to federal court.

6.      All pleadings, process, orders, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a) as part of the Index of Exhibits.

7.      Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending.

8.      Defendants Cameron County and Conrado Cantu, in his Official Capacity, will file promptly a notice of removal with the clerk of the state court where the action has been pending.

9.      Plaintiff did demand a jury in the state court action.

## III.

10.     Defendants Cameron County and Conrado Cantu, in his Official Capacity, timely file this Notice of Removal of the present cause from the 103rd Judicial District Court of Cameron County, Texas, pursuant to 28 U.S.C. §§ 1441 (b) and 1446 (a), in which it is now pending to the United States District Court for the Southern District of Texas, Brownsville Division.

Signed on January 24, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette, Jr.
USDC No. 1937
Roman "Dino" Esparza
USDC No. 22703

3

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I communicated with Mr. Albert Lopez, counsel for co-defendant Conrado Cantu, in his Individual Capacity, about the filing of this Notice of Removal and he consented to the removal of this case to federal court.

Charles Willette, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal has on January 24, 2003, been forwarded via certified mail, return receipt requested to:

Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Rd.
Brownsville, Texas 78521

Mr. Albert Lopez
Lopez & Smith
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230

Charles Willette, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT SALAZAR | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | **B-03-024** |
| | § | CIVIL ACTION NO. _____ |
| CAMERON COUNTY, AND | § | (JURY REQUESTED) |
| CONRADO CANTU, IN HIS OFFICIAL | § | |
| AND INDIVIDUAL CAPACITY | § | |
| *Defendants* | | |



## INDEX OF EXHIBITS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME CAMERON COUNTY and CONRADO CANTU, in his Official Capacity, Defendants herein, and, in accordance with the Local Rules for the United States District Court for the Southern District of Texas governing removal of civil actions, file this their Index of Exhibits and would submit to the Court the following:

1.    Plaintiff's Original Petition;

2.    Citation issued to Cameron County and Conrado Cantu, in his Offical Capacity;

3.    Citation issued to Conrado Cantu, in his Individual Capacity;

4.    Certified Docket Sheet; and

5.    List of Parties.

Signed on January 24, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
        Charles Willette, Jr.
        USDC No. 1937
        Roman "Dino" Esparza
        USDC No. 22703

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Index of Exhibits has on January 24, 2003, been forwarded via certified mail, return receipt requested to:

Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Rd.
Brownsville, Texas 78521

Albert Lopez
Lopez & Smith
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230

_____
        Charles Willette, Jr.

2

CAUSE NO. 2002-12-5172-D

DEC 3 1 2002

| | | |
|---|---|---|
| GILBERT SALAZAR | * | THE 103rd DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | |
| CAMERON COUNTY AND | * | |
| CONRADO CANTU, in his official | * | |
| and individual capacity | * | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **GILBERT SALAZAR,** hereinafter referred to as Plaintiff, complaining of **CAMERON COUNTY** and **CONRADO CANTU,** hereinafter called by name or as defendants, and for such cause of action, would respectfully show unto the Court and jury as follows:

### DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

I.
### PARTIES

Plaintiff, **GILBERT SALAZAR,** is a resident of Cameron County, Texas.

Defendant, **CAMERON COUNTY,** is a Texas County and may be served with process herein by serving the Honorable Gilberto Hinojosa, County Judge at 964 E. Harrison Brownsville, Texas 78520.

Defendant, **CONRADO CANTU,** is an elected official with Cameron County, Texas and may be served with process at 954 E. Harrison, Brownsville, Texas 78520.

Service of citation is requested by Certified Mail, Return Receipt Requested, as is contemplated by Rule 106 of the Texas Rules of Civil Procedures.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County, Texas and both plaintiff and defendants are located in Cameron County, Texas.

II.

## FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at the **CAMERON COUNTY SHERIFF'S DEPARTMENT** in Cameron County, Texas.

The Plaintiff **GILBERT SALAZAR** was employed with the Cameron County Sheriff's Department as a Sheriff's Deputy from December 1984 until his unlawful termination on January 1,2001.

Approximately one year before his termination, Plaintiff Gilbert Salazar was approached by Defendant Cantu who was at that time running for Sheriff of Cameron County. Cantu asked Plaintiff if he could count on his and his families support in his race against the incumbent Sheriff. Plaintiff Salazar responded he had already committed to support the incumbent and he could not go back on his word.

A few months later, Plaintiff was again approached by Cantu who repeated his request to have Plaintiff support him in his candidacy. Plaintiff Salazar reiterated that he was already supporting Cantu's opponent and politely declined defendant Cantu's request.

The election passed and defendant Cantu defeated the candidate supported by Plaintiff. Defendant Cantu later defeated his Republican opponent and was elected Sheriff.

Prior to taking office, defendant Cantu sent plaintiff Salazar a letter advising him that come January 1, 2001, his services would no longer be needed and he was being terminated effective that date. Plaintiff believes that his termination resulted from his political association and for exercising rights guaranteed under both the State and Federal Constitution. Accordingly, plaintiff brings this cause of action to redress violation of his civil rights.

III.

The **CAMERON COUNTY SHERIFF'S DEPARTMENT** where Plaintiff worked is a department of defendant **CAMERON COUNTY,** a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

IV.
## TEXAS CONSTITUTIONAL CAUSES OF ACTION

1. Freedom of Speech:  The actions of the defendants and all those acting in concert with them or at their discretion, deprived Plaintiff Gilbert Salazar of his right of free speech under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decision on Plaintiff's exercise of free speech on matters of public concern, political candidacy, political support of candidates, and political association.  Such action by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

2. Freedom of Association:  The actions of the defendants and all those acting in concert with them or at their discretion, deprived Plaintiff Gilbert Salazar of his right of freedom of association under *Article I, Section 8* of the Constitution of the State of Texas by solely basing their employment decision to an impermissible extent on Plaintiff's exercise to freely associate and/or disassociate with groups, public figures, political candidates and others. Such action by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

V.
## 42 U.S.C. § 1983

The defendants and employees, agents and all those acting in concert with them or at their discretion acting under color of law acted with a deliberate indifference and subjected Plaintiff to the deprivations of the following rights, privileges and immunities secured by the laws and Constitution of the United States and Texas when they decided to discriminate, retaliate, refuse to hire, and take other adverse actions against Plaintiff and deny him further access to his job free from hostility and politics.

Specifically, defendants acting in their official capacity deprived Plaintiff of his right to free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decision to terminate Plaintiff because of his exercise of free speech on matters of public concern and due to his support of adverse political candidates.  Such retaliatory action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

Further, the defendants acting in their official capacity deprived Plaintiff of his right to privacy by basing their decision to an impermissible extent on Plaintiff's private affairs such as personal, social and political relationships with others.  Such retaliatory action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

In addition, the defendants acting in their official capacity deprived Plaintiff of his right of freedom of association under the First and Fourteenth Amendments to the U.S. Constitution by basing their decision to terminate Plaintiff to an impermissible extent on his exercise of his right to freely associate and/or disassociate and/or disassociate with groups, public figures, political candidates, and others. Such retaliatory action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

The defendants, acting in their official capacity further conspired to deprive Plaintiff of rights guaranteed under the U.S. Constitution by committing such acts that caused injury to Plaintiff. Said actions were an attempt by defendants to accomplish an unlawful purpose by unlawful means. Such action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiff has effectively been the victim of discrimination, retaliation, denial of employment, and other adverse actions. As a result, plaintiff has suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress, in addition to the loss of wages in the past and future.

## VI.
## 42 U.S.C. § 1985(3)

Plaintiff asserts a cause of action against Defendant Conrado Cantu, in his individual and official capacity, for conspiracy to violate his respective civil rights. Defendant Cantu conspired to illegally commit such acts that caused injury to Plaintiff. Said actions were an attempt by Defendant to accomplish the deprivation of Plaintiff's civil rights and privileges under the equal protection of the law by taking actions in furtherance of Defendant's attempt to deprive and infringe upon Plaintiff's individual and respective rights to free speech, freedom of association, and right to privacy. Defendant was aware of the wrongful nature of his act and benefitted or in intended to benefit by such actions.

## VII.
## ACTUAL DAMAGES

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has been further caused a loss or earnings and a loss of earning capacity well into the future. As a result, Plaintiff sues to regain all compensatory damages and any other relief to which he may be entitled to both in law and equity.

VIII.
## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that are reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.

IX.
## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in the trial of this cause.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

a).    Judgment against Defendant for Plaintiff damages;

b).    Prejudgment interest as allowed by law;

c).    Interest on said judgment at the legal rate from date of judgment;

d).    Attorneys fees;

e).    For costs of suit herein; and

f).    Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas 78521
(956) 550-1115 Telephone
(956) 550-1134 Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2002-12-005172-D

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CAMERON COUNTY
    BY SERVING THE HONORABLE
    GILBERTO HINOJOSA
    COUNTY JUDGE
    964 E. HARRISON
    BROWNSVILLE, TEXAS  78520
the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on DECEMBER 31, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-12-005172-D.

The style of the case is:

GILBERT SALAZAR
VS.
CAMERON COUNTY AND CONRADO CANTU, IN HIS OFFICIAL

Said petition was filed in said court by        HON. MIGUEL SALINAS
(Attorney for            PLAINTIFF            ), whose address is
803 OLD PORT ISABEL RD. BROWNSVILLE, TEXAS      78521

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of DECEMBER , A.D. 2002.

CERTIFICA . OF DELIVERY OF MAIL

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY            STATE       ZIP

I hereby certify that on the <u>31st</u> of
<u>DECEMBER  2002</u>,  I mailed to

<u>CAMERON COUNTY</u>

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   <u>1700909745</u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>AURORA DE LA GARZA</u>    , District Clerk
Cameron County, Texas

By:_____, Deputy

Citation for Personal Service   - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2002-12-005172-D

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CONRADO CANTU
    954 E. HARRISON
    BROWNSVILLE, TEXAS   78520

the     DEFENDANT    , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINITFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said     PETITION     was filed on DECEMBER 31, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-12-005172-D.

The style of the case is:

GILBERT SALAZAR
VS.
CAMERON COUNTY AND CONRADO CANTU, IN HIS OFFICIAL

Said petition was filed in said court by     HON. MIGUEL SALINAS (Attorney for     PLAINTIFF    ), whose address is 803 OLD PORT ISABEL RD. BROWNSVILLE, TEXAS    78521 .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of DECEMBER , A.D. 2002.

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|

| ADDRESS |
|---|

| CITY | STATE | ZIP |
|---|---|---|

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 31st of DECEMBER 2002, I mailed to

CONRADO CANTU

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   1700909714
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA   , District Clerk
Cameron County, Texas

By: _____, Deputy

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CONRADO CANTU
954 E HARRISON
BROWNSVILLE TEXAS 78520

2. Article Number
(Transfer from service label)
1700909714

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____   □ Agent  □ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:   □ No

3. Service Type
   □ Certified Mail   □ Express Mail
   □ Registered   □ Return Receipt for Merchandise
   □ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

RUN DATE  01/22/03
RUN TIME  4:25 PM

CERTIFIED COPY

* * * C L E R K ' S   E N T R I E S * * * *

GILBERT SALAZAR

VS

CAMERON COUNTY AND CONRADO CANTU, IN HIS OFFICIAL

00338901
HON. MIGUEL SALINAS
803 OLD PORT ISABEL RD.
BROWNSVILLE, TEXAS    78521 0000

(10)

DAMAGES

12/31/02  ORIGINAL PETITI
12/31/02  JURY FEE: Pd. h
12/31/02  CITATION (CM):
12/31/02    SERVED: 01/0
12/31/02  CITATION (CM):
12/31/02  CITATION (CM):
12/31/02    SERVED: 01/0

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT SALAZAR | § | |
|     *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. **B-03-024** |
| | § | (JURY REQUESTED) |
| CAMERON COUNTY, and | § | |
| CONRADO CANTU, in his official | § | |
| and individual capacity | § | |
|     *Defendants* | | |

---

### LIST OF PARTIES

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES DEFENDANTS CAMERON COUNTY and CONRADO CANTU, in his

Official Capacity herein, and, in accordance with the Local Rules for the United States District

Court for the Southern District of Texas governing removal of civil actions, file this their List of

Parties and would submit the following with the Court:

**PLAINTIFF**
Gilbert Salazar

**PLAINTIFF'S COUNSEL**

Miguel Salinas
The Law Office of Miguel Salinas
803 Old Port Isabel
Brownsville, Texas 78521
Telephone: 956-550-1115
Facsimile: 956-550-1134

**DEFENDANTS**

Cameron County and Conrado Cantu
in his Official Capacity

**DEFENDANTS' COUNSEL**

Mr. Charles Willette, Jr.
Roman "Dino" Esparza
WILLETTE & GUERRA, L.L.P.
International Plaza
3505 Boca Chica Blvd., Ste. 460
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

**DEFENDANT**
Conrado Cantu in
his Individual Capacity

**DEFENDANT'S COUNSEL**
Albert Lopez
Lopez & Smith
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230

      Signed on January 24, 2003.

      Respectfully submitted,

      WILLETTE & GUERRA, L.L.P.
      International Plaza, Ste. 460
      3505 Boca Chica Blvd.
      Brownsville, Texas 78521
      Telephone: (956) 541-1846
      Facsimile: (956) 541-1893

      By:_____
          Charles Willette, Jr.
          USDC No. 1937
          Roman "Dino" Esparza
          USDC No. 22703

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this List of Parties has on January 24, 2003, been forwarded via certified mail, return receipt requested to:

Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Rd.
Brownsville, Texas 78521

Albert Lopez
Lopez & Smith
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230

_____
Charles Willette, Jr.

CAUSE NO. 2002-12-005172-D

| GILBERT SALAZAR | § | IN THE 103RD JUDICIAL |

GILBERT SALAZAR                    §    IN THE 103RD JUDICIAL
                                   §
VS.                                §    DISTRICT COURT OF
                                   §
CAMERON COUNTY, and                §
CONRADO CANTU, in his official     §
and individual capacity            §    CAMERON COUNTY, TEXAS

---

**NOTICE TO DISTRICT CLERK OF REMOVAL OF CIVIL ACTION**

---

TO:   Ms. Aurora De La Garza
      CAMERON COUNTY DISTRICT CLERK
      974 E. Harrison
      Brownsville, Texas 78520

Please take notice that DEFENDANTS CAMERON COUNTY and CONRADO CANTU in his Official Capacity, in the above-referenced matter, have filed in the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of the cause styled Gilbert Salazar vs. Cameron County and Conrado Cantu in his Official and Individual Capacity originally filed in the 103rd Judicial District Court of Cameron County, Texas, Cause Number 2002-12-005172-D, and that a true and correct copy of said Notice of Removal, is being filed with the Clerk of the said United States District Court for the Southern District of Texas, Brownsville Division, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal, without copies of attachments, is attached to this notice.

Signed on January 24, 2003.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
      Charles Willette, Jr.
      State Bar No. 21509700
      USDC No. 1937
      Roman "Dino" Esparza
      State Bar No. 00795337
      USDC No. 22703

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this Notice to District Clerk of Removal of Civil Action has on January 24, 2003, been forwarded via certified mail, return receipt requested to:

Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Rd.
Brownsville, Texas 78521

Albert Lopez
Lopez & Smith
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230

_____
Charles Willette, Jr.

2