UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 3 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **GILBERT SALAZAR** | § | |
| | § | |
| VS. | § | CAUSE NO. B-03-024 |
| | § | |
| **CAMERON COUNTY AND** | § | |
| **CONRADO CANTU, IN HIS OFFICIAL** | § | |
| **AND INDIVIDUAL CAPACITY** | § | |

## CONRADO CANTU'S
## MOTION FOR PARTIAL DISMISSAL (F.R.C.P. 12(b)(6))
## AND ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE UNITED STATES DISTRICT JUDGE:

Conrado Cantu, in his official and individual capacity, Defendant, moves the Court to dismiss plaintiff's claims under the Texas Constitution and files the following answer to the Plaintiff's Petition:

### I. MOTION TO DISMISS

1.     Defendant moves to dismiss the claims under paragraph III of the complaint, entitled "Texas Constitutional Causes of Action," and the claim under paragraph VI entitled "42 U.S.C. § 1985(3)" on the ground that Plaintiff has no remedy or cause of action for a deprivation or violation of the Texas Constitution as alleged in the Petition.

2.     Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal for failure to state a claim for which relief can be granted. Specifically, the Supreme Court has stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle

[him] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *see also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). In determining whether to grant a motion to dismiss for failure to state a claim, the Court focuses on the allegations in the complaint. *See Mahone v. Addicks Utility Dist.*, 836 F.2d 921, 936 (5th Cir. 1988). The complaints' allegations must be taken as true and construed in light most favorable to the non-movant. *See Capital Parks, Inc. v. Southeastern Advertising and Sales Sys.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

### A. State Constitutional Claim

3. It is well settled that Texas does not recognize a state constitutional tort as a viable cause of action. *See Rowe v. Texas Dep't of Crim. Justice-Institutional Div.*, 1998 Tex. App. LEXIS 2343 (Tex. App. Houston 14th Dist. Apr. 23, 1998) (quoting *Montana v. Patterson*, 894 S.W.2d 812, 815 (Tex. App.--Tyler 1994, no writ) ("While the TEXAS CONSTITUTION has sections that parallel the federal BILL OF RIGHTS, there is no state "Constitutional Tort" similar to 42 U.S.C.A. Section 1983 of the federal system."); *Bagg v. University of Texas Medical Branch*, 726 S.W.2d 583, 587 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.)("We acknowledge that Texas has a strong bill of rights, but we can find no Texas statute or case that provides a citizen the kind of redress afforded by 42 U.S.C.A. Sec. 1983. . . . There is no state "constitutional tort."). "Specifically, the Texas Supreme Court has held there is no state constitutional tort and no implied private right of action for damages under the Texas Constitution." *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995); *See Gillum v. City of Kerrville*, 3 F.3d 117 (5th Cir. 1993). Acordingly, the state constitution claims should be dismissed.

### B. Claims Under § 1985(3)

4.     The plaintiff has failed to allege sufficient facts to state a § 1985(3) conspiracy claim. To successfully assert a claim under § 1985(3), "a plaintiff must plead the operative facts upon which his claim is based, more than conclusory allegations." *Irwin v. Veterans Administration*, 874 F.2d 1092, 1095 (5th Cir. 1989), aff'd, 498 U.S. 89, 112 L. Ed. 2d 435, 111 S. Ct. 453 (1990)(*citing Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987)). To state a claim under § 1985(3), the plaintiffs must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, either directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of that conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994); *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 29 L. Ed. 2d 338, 91 S. Ct. 1790 (1971)). There is no indication from the facts pled by the plaintiff that two or more persons were part of a conspiracy intended to deprive the plaintiff's of his civil rights. The plaintiff has asserted this cause of action against Conrado Cantu in his official and individual capacity and has alleged that he conspired to violate the plaintiff's civil rights. By suing Conrado Cantu in his official capacity, the plaintiff is suing the elective office which Conrado Cantu occupies. The Sheriff's office cannot conspire with Conrado Cantu any more than Conrado Cantu as a private individual can. *Hilliard v. Ferguson*, at 653. The defendant, therefore, requests the Court to dismiss the conspiracy claim.

## II. ANSWER

### FIRST DEFENSE

5. In response to the paragraph I of the complaint, Defendant admits that the parties have been properly named, and admits to the venue allegations.

### SECOND DEFENSE

6. Defendant denies the allegations in paragraph II, except it is admitted that the plaintiff was employed with the Cameron County Sheriff's Department as a Sheriff's Deputy from December 17, 1984 through January 1, 2001; Defendant Cantu defeated the candidate running against him and was elected as Sheriff of Webb County; and Defendant sent the plaintiff a letter advising him that his employment was being terminated effective January 1, 2001.

### THIRD DEFENSE

7. In response to paragraph III, Defendant denies the allegations, except it is admitted that Cameron County is a governmental entity.

### FOURTH DEFENSE

8. Defendant denies the allegations in paragraphs IV through IX and the prayer for relief.

### FIFTH DEFENSE

9. Any allegation made within any part of the plaintiff's complaint not otherwise specifically responded to is specifically or generally denied. Defendant still urging and relying on matters alleged without waiving any other matter asserted herein, further alleges as affirmative defenses the following:

## SIXTH DEFENSE

10. Defendant alleges as a defense that at all relevant times he acted reasonably, without fault, in good faith, and pursuant to his policy and practice against discrimination and retaliation in the hiring, in the setting of wages, terms, conditions or privileges of employment, and in the termination of its employees.

## SEVENTH DEFENSE

11. The plaintiff was an at will employee. Considering the limitations imposed by the Texas employment at will doctrine on plaintiff's employment, the plaintiff was treated at all times fairly and impartially and was accorded the full privileges of his position and of similarly situated employees without regard to political affiliation or the exercise of his constitutional rights .

## EIGHTH DEFENSE

12. The Defendant was the duly elected Sheriff of Webb County, Texas. The Defendant is entitled to the affirmative defenses of official and qualified immunity under state and federal law.

## NINTH DEFENSE

13. The Defendant alleges as affirmative defense the doctrines of governmental immunity.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon hearing the plaintiff recover nothing of and from this Defendant by way of his suit, and that the Court enter a Judgment; that Defendant go hence without delay with all costs of court; that Defendant be awarded his attorney's fees and court cost under 42. U.S.C. § 1988, and that Defendant have such other and further relief as to which he may be justly entitled.

Respectfully submitted,

LÓPEZ & SMITH
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230
(210) 366-3666
FAX: (210) 366-1985

_____
ALBERT LÓPEZ
State Bar No. 12562350
Fed. Id. No. 13339
ATTORNEYS FOR DEFENDANT,
CONRADO CANTU

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was sent by certified mail return receipt requested to Mr. Miguel Salinas, 803 Old Port Isabel Rd., Brownsville, Texas 78521 and by regular mail to Charles Willette, Jr., 3505 Boca Chica, Boulevard, Brownsville, Texas 78521 on January 30, 2003.

_____
Albert López

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT SALAZAR | § | |
| | § | |
| VS. | § | CAUSE NO. B-03-024 |
| | § | |
| CAMERON COUNTY AND | § | |
| CONRADO CANTU, IN HIS OFFICIAL | § | |
| AND INDIVIDUAL CAPACITY | § | |

## ORDER

A motion was made before this Court by Conrado Cantu to dismiss the Plaintiff's claims under the Texas Constitution and his 42 U.S.C. §1985(3) conspiracy claim. The Court has considered the pleadings and arguments and has examined the briefs which were submitted with regard to such motion.

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED. The plaintiff's state constitutional claims and the claim pursuant to 42 U.S.C. §1985(3) are dismissed with prejudice.

Done in Brownsville, Texas, on this the ____ day of _____,2003.

_____
United States District Judge