United States District Court
Southern District of Texas
FILED

FEB 2 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT SALAZAR<br>*Plaintiff* | §<br>§<br>§ | |
| VS. | §<br>§ | |
| | § | CIVIL ACTION NO. B-03-024 |
| CAMERON COUNTY, AND<br>CONRADO CANTU, in his Official<br>And Individual Capacity<br>*Defendants* | §<br>§<br>§<br>§ | (JURY REQUESTED) |

---

**DEFENDANT CAMERON COUNTY'S MOTION FOR PARTIAL DISMISSAL
PURSUANT TO RULE 12(b)(6)**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Cameron County, Defendant in the above styled and numbered matter, and files this Motion for Partial Dismissal Pursuant to Rule 12(b)(6) in order to dismiss Plaintiff's claims under the Texas Constitution and Title 42 U.S.C. § 1985(3) and for cause would show as follows:

## I.
## INTRODUCTION

1.  Defendant requests that the Court dismiss the claims under paragraph IV of the Plaintiff's Original Petition entitled "Texas Constitutional Causes of Action," and the claim under paragraph VI entitled "42 U.S.C.§ 1985(3)" on the ground that Plaintiff has no remedy or cause of action for a deprivation or violation of either claim as alleged in the Plainitff's Original Petition.

## II.
## STANDARD OF REVIEW

2.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure, a complaint is subject to

1

dismissal for failure to state a claim for which relief can be granted. Specifically, the Supreme Court has stated that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief. "*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2L. Ed. 2d 80 (1957); see also *Leffall v. Dallas Indep. Shc. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). In determining whether to grant a motion to dismiss for failure to state a claim, the Court focuses on the allegations in the complaint. See *Mahone v. Addicks Utility Dist.*, 836 F. 2d 921, 936 (5th Cir. 1988). The complaints' allegations must be taken as true and construed in light most favorable to the non-movant. See *Capital Parks, Inc. v. Southeastern Advertising and Sales Sys.*, 30 F. 3d 627,629 (5th Cir. 1994); *Norman v. Apahce Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

### III.
### ARGUMENT AND AUTHORITY

A.     State Constitutional Claim

3.  It is well settled that Texas does not recognize a state constitutional tort as a viable cause of action. See *Rowe v. Texas Dep't of Crim. Justice-Institutional Div.*, 1998 Tex. App. LEXIS 2343 (Tex. App. Houston 14th Dist. Apr. 23, 1998) (quoting *Montana v. Patterson*, 894 S.W.2d 812,815 (Tex. App.--Tyler 1994, no writ) ("While the Texas Constitution has sections that parallel the federal Bill of Rights, there is no state "Constitutional Tort" similar to Title 42 U.S.C. § 1983 of the federal system."); *Bagg v. University of Texas Medical Branch*, 726 S.W.2d 583, 587 (Tex.App.-Houston [14th Dist. 1987, writ ref'd n.r.e.)("We acknowledge that Texas has a strong bill of rights, but we can find no Texas statute or case that provides a citizen the kind of redress afforded by Title 42 U.S.C. § 1983.... There is no

2

state "constitutional tort.") "Specifically, the Texas Supreme Court has held there is no state constitutional tort and no implied private right of action for damages under the Texas Constitution." *City of Beaumont v. Bouillion,* 896 S.W.2d 143, 148-49 (Tex. 1995): *See Gullum v. City of Kerrville,* 3 F3d. 117 (5th Cir. 1993). Accordingly, the state constitutional claims should be dismissed.

B.  Claims Under Title 42 U.S.C. § 1985(3)

4.  The plaintiff has failed to allege sufficient facts to state a § 1985(3) conspiracy claim. To successfully assert a claim under § 1985(3), "a plaintiff must plead the operative facts upon which his claim is based, more than conclusory allegations." *Irwin v. Veterans Administration,* 874 F.2d 1092, 1095 (5th Cir. 1989), aff'd, 498 U.S. 89, 112 L. Ed. 2d 435, 111 S. Ct. 453 *(1990)(citing Holdiness v. Stroud,* 808 F.2d 417, 424 (5th Cir. 1987)). To state a claim under § 1985(3), the plaintiffs must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, either directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of that conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson,* 30 F.3d 649, 652-53 (5th Cir. 1994) *Earnest v. Lowentritt,* 690 F.2d 1198, 1202 (5th Cir. 1982) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102-03, 29 L. Ed. 2d 338, 91 S. Ct. 1790 (1971)). There is no indication from the facts pled by the plaintiff that two or more persons were part of a conspiracy intended to deprive the plaintiff of his civil rights. The plaintiff has asserted this cause of action against Conrado Cantu in his official and individual capacity and has alleged that he conspired to violate the plaintiffs civil rights. By suing Conrado Cantu in his official capacity, the plaintiff is suing the County. The County cannot conspire with Conrado Cantu any more than

Conrado Cantu as a private individual can conspire with himself. *Hilliard v. Ferguson,* at *653.* The defendant, therefore, requests the Court to dismiss the conspiracy claim.

WHEREFORE, PREMISES CONSIDERED, Defendant Cameron County prays that upon hearing this motion, the Court grant Defendant Cameron County's Partial Motion for Dismissal and that Defendant have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone    : (956) 541-1846
Facsimile    : (956) 541-1893

_Charles Willette, Jr._   By: ROE
Charles Willette, Jr.
State Bar No. 21509700
USDC No. 1937

Roman "Dino" Esparza
State Bar No. 00795337
USDC No. 22703

## CERTIFICATE OF SERVICE

I, hereby certify that on, February 20, 2003 a true and correct copy of the above and foregoing has been served on all counsel of record via certified return receipt requested as herein below noted:

Mr. Miguel Salinas
Law Office of Miguel Salinas
803 Old Port Isabel Rd.
Brownsville, Texas 78521

Albert Lopez
Lopez & Smith
3355 Cherry Ridge, Suite 100
San Antonio, Texas 78230

_____
Charles Willette, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT SALAZAR<br>*Plaintiff* | § § § | |
| VS. | § § § | |
| | § | CIVIL ACTION NO. B-03-024 |
| CAMERON COUNTY, AND<br>CONRADO CANTU, in his Official<br>And Individual Capacity<br>*Defendants* | § § § § | (JURY REQUESTED) |

## ORDER GRANTING DEFENDANT CAMERON COUNTY'S
## MOTION FOR PARTIAL DISMISSAL PURSUANT TO RULE 12(b)(6)

A motion was made before this Court by Cameron County to dismiss the Plaintiff's claims under the Texas Constitution and his Title 42 U.S.C. §1985 (3) conspiracy claim. The Court has considered the pleadings and arguments and has examined the briefs which were submitted with regard to such motion.

IT IS ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Partial Dismissal be GRANTED pursuant to Rule 12 (b)(6) and the plaintiff's state constitutional claims and the claim pursuant to Title 42 U.S.C. §1985(3) are hereby dismissed with prejudice.

SIGNED on this _____ day of February 2003.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT SALAZAR<br>*Plaintiff* | § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-024 |
| CAMERON COUNTY, AND<br>CONRADO CANTU, in his Official<br>And Individual Capacity<br>*Defendants* | § § § § | (JURY REQUESTED) |

**ORDER SETTING HEARING ON DEFENDANT CAMERON COUNTY'S
MOTION FOR PARTIAL DISMISSAL PURSUANT TO 12(b)(6)**

On this _____ day of _____, 2003, came on to be considered Defendant Cameron County's Motion for Partial Dismissal Pursuant to 12(b)(6) in the above-styled and numbered cause.

IT IS THEREFORE ORDERED that said motion is hereby set for hearing on the _____ day of _____, 2003, at _____ o'clock ___.m.

SIGNED FOR ENTRY this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE PRESIDING