/3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

GILBERT SALAZAR,           §
     Plaintiff,           §
                        §
VS.                        §
                        §           CIVIL ACTION NO. B-03-024
CAMERON COUNTY, and        §
CONRADO CANTU, in his      §
Official and Individual Capacity, §
     Defendants.          §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court are substantially identical Motions to Dismiss filed by

Defendants, Cameron County (Docket No. 8) and Conrado Cantu (Docket No. 5) pursuant to

FED. R. CIV. P. 12(b)(6).  For the reasons stated below it is recommended that the motions be

granted.

### I.  Background

Plaintiff, Gilbert Salazar ("Salazar") filed suit on December 31, 2002, against

Defendants, Cameron County and Conrado Cantu ("Cantu") in the 103rd Judicial District Court

in Cameron County, Texas, Cause No. 2002 12 5172-D, in a case styled *Gilbert Slazar v.*

*Cameron County and Conrado Cantu.*  Salazar filed state law claims under the Texas

Consitution and federal claims under 42 U.S.C. §§1983 and 1985(3).  Cameron County and

Cantu filed a Notice of Removal (Docket No. 1) on January 24, 2003, pursuant to 28 U.S.C.

§§1441(b) and 1446(a).

Salazar, in support of his claim for relief, states that he was employed as a Sheriff's

Deputy from December 1984 until January 2001, when he was wrongfully terminated by Sheriff

Cantu. Salazar claims that Cantu approached him before the 2000 election and asked for Salazar's support in his campaign for sheriff. Salazar responded that he could not, as he had already pledged his support to the incumbent, who was Cantu's opponent in the race. Salazar further states that shortly after Cantu won the election, Cantu wrongfully terminated Salazar's employment.

## II. Claims of the Parties

### A. Plaintiff - Salazar

Salazar has brought claims pursuant to the Texas Constitution as well as 42 U.S.C. §§1983 and 1985(3). Salazar's claim under §1983 is not being challenged in these motions. As to the §1985(3) claim, Salazar argues that Cantu "conspired to illegally commit acts that caused injury to Plaintiff." As to the state law claims, Salazar argues that Cantu deprived him of his right to free speech under Article I, Section 8 of the Constitution of the State of Texas by basing the employment termination decision on Salazar's exercise of free speech on matters of public concern, political candidacy, and political support/association, and exercise of his right of free association or disassociation with certain groups, public figures, and political candidates.

### B. Defendants - Cameron County and Cantu

As to the federal law claim under §1985(3), defendants argue that there is no conspiracy because the suit against Cantu in his official capacity is construed as a suit against Cameron County which cannot conspire with itself. Cantu was also sued in his individual capacity. Since Cantu is an employee/agent of the Sheriff's Department, he cannot conspire with the department. In addition, Salazar has failed to plead facts that satisfy each element of a conspiracy claim under §1985(3). Cantu also claims that he is entitled to qualified immunity, but did not provide an

2

analysis in his motion and it is not addressed herein.

As to the state constitutional claims, defendants argue that Texas does not recognize a state constitutional tort cause of action for damages.

## III. Standard of Review

Motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Southern Christian Leadership Conference v. Supreme Court of the State of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Tanglewood East Homowners v. Charles-Thomas, Inc.*, 849 f.2d 1568, 1572 (5th Cir. 1988)). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the statement of the claim for relief, not the facts that support it. *See Nevarez v. United States*, 957 F.Supp. 884, 889 (W.D. Tex. 1997). When ruling on a Rule 12(b)(6) motion, this Court must liberally construe the complaint in favor of the plaintiff and assume the truth of all well-pleaded facts. *See Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002).

The court may not dismiss a plaintiff's action "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Southern Christian Leadership Conference*, 252 F.3d at 786 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). A plaintiff's conclusory allegations or legal conclusions masquerading as factual assertions are insufficient to defeat a motion to dismiss. *See id.*

## IV. Analysis

### A. Claims Brought Against Cantu in his Official Capacity

To the extent that Salazar has named defendant Cantu in his official capacity, it has been established that it should be treated as a claim against Cameron County itself. Official capacity

suits "generally represent only another way of pleading an action against an entity of which an

officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55,

98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). These suits are not suits against the official

personally. The real party in interest is the entity.

### B. Claims Brought Pursuant to 42 U.S.C. §1985(3)

Subsection (3) of §1985 prohibits conspiracies to deprive persons of equal protection of

the law. There must be some racial, or other class based discriminatory animus behind the

conspirators' action and the conspiracy must aim at deprivation of equal enjoyment of rights

secured by law to all. *United Bros. of Carpenters and Joiners of American, Local 610, AFL-CIO

v. Scott*, 463 U.S. 825, 103 S. Ct. 3352, 77 L.Ed.2d 1049 (1983). In order to state a claim, the

plaintiff must show: (1) conspiracy involving two or more persons, (2) for purpose of depriving,

either directly or indirectly, person or class of persons equal protection of laws, and (3) act in

furtherance of conspiracy, (4) which causes injury to person or property, or deprivation of any

right or privilege of a citizen of the United States. *Suttles v. U.S. Postal Service*, 927 F. Supp.

990 (S.D. Tex. 1996).

Under the "intracorporate conspiracy" doctrine, a corporation cannot conspire with itself

through its agents or employees when the acts of the agents or employees are within the scope of

their employment. *Suttles* at 1002. The intracorporate conspiracy doctrine is equally applicable

to governmental entities. *Id*.

In this case, Salazar fails to identify the conspirators. If the conspiracy is between

Cameron County, Cantu and others in the Cameron County Sheriff's Department, there can be no

conspiracy. A conspiracy requires some sort of understanding or agreement between the

4

conspirators.   Other than Salazar's own conclusory allegations, there has not been an a showing

that Cameron County or Cantu agreed to conspire with any other person or entity to discriminate

and wrongfully terminate.

### C. Claims Brought Pursuant to the Texas Constitution

Salazar brings claims under Article 1, Section 8, of the Texas Constitution for violation

of his exercise of free speech and free association.  However, Section 8 entitled, "Freedom of

Speech and Press; Libel" does not provide for the right of free association.  Previous case law

indirectly suggests that the right of free association is embodied under Article 1, Section 27

entitled, "Right of Assembly; Petition for Redress of Grievance".  *See Koy v. Schneider*, 221

S.W. 880, 904 (Tex. 1920).

In any event, the Texas Supreme Court has held that there is no textual basis for the

argument that the Texas Constitution affords more than equitable relief for a violation of its

provisions.  In *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995), the Court stated,

"our review of the language of the Constitution leads us to conclude that there is no basis from

the text of the Constitution to assume a party is given more than equitable protection.

Accordingly we hold that there is no implied private right of action for damages under the Texas

Constitution when an individual alleges the violation of speech and assembly rights."

In this case, Salazar seeks "all compensatory damages" as a result of mental anguish, loss

of earnings, loss of future earning capacity and any other relief.  Salazar has no claim for these

damages under the Texas Constitution.

5

## V. Recommendation

**IT IS RECOMMENDED** that the Motions to Dismiss filed by Cameron County and Cantu pertaining to Salazar's claims under 42 U.S.C. §1985(3) and the Texas Constitution be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 19th day of May, 2003.

John Wm. Black
United States Magistrate Judge

6