United States District Court
Southern District of Texas
FILED

APR 2 6 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GILBERT SALAZAR § | |
| § | |
| V. § | |
| § | CIVIL ACTION NO. B-03-024 |
| CAMERON COUNTY, AND § | (JURY REQUESTED) |
| CONRADO CANTU, in his § | |
| Official Capacity and § | |
| Individually Capacity § | |

PLAINTIFF'S RESPONSE TO
DEFENDANT, CONRADO CANTU'S, MOTION FOR FINAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Plaintiff GILBERT SALAZAR, Non-Movant herein, and requests this Honorable Court to DENY Movants' Motion for Final Summary Judgment.

In support of Plaintiff's Response to Defendants' respective Motions for Summary Judgment, upon which Plaintiff will rely, Plaintiff hereby incorporates by reference all the exhibits listed and attached to "Appendix To Plaintiff's Response to Defendant Conrado Cantu and Cameron County's respective Motions for Summary Judgment.

I.

INTRODUCTION

A.  When a movant files a motion for summary judgment based on summary judgment evidence, the court can grant the motion only when the movant's evidence proves, as a matter of law, all the

1

elements of the movant's cause of action or defense, or disproves the facts of at least one element in the non-movant's cause or defense.

B. When evaluating a motion for summary judgment, the court must:

    1. Assume all the non-movant's proof is true;

    2. Indulge every reasonable inference in favor of the non-movant; and

    3. Resolve all doubts about the existence of a genuine issue of material fact against the movant.

## II.

A. Movants filed an affirmative defense of Statute of Limitation seeking to bar Non-Movant's claim.

B. Movants allege there is no genuine issue of material fact as to any element of the Statute of Limitations.

C. Non-Movant claims a genuine issue of material fact exists as to Movants' affirmative defense of Statute of Limitations and submits an affidavit, discovery, documentary evidence and Movant's pleadings, as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein.

## III.

A. Non-Movant filed a claim against Movants seeking affirmative relief for wrongful termination.

B. Movants allege Movants are entitled to a summary judgment as a matter of law and allege that Movants can prove the affirmative defense and disprove at least one element of Non-Movant's claim.

1. Non-Movant claims a genuine issue of material fact exists as to Non-Movant's claim of Statute of Limitations and submits an affidavit, discovery, documentary evidence and Movant's pleadings, as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein.

IV.

A. There is a defect in the substance of Movants' motion for Summary Judgment.

1. Plaintiff proffers that Movant's motion is defective in substance in that although Plaintiff received the letter of termination from the Sheriff's office on December 28, 2000, and that the language of the letter was clear that Plaintiff's termination was effective January 1, 2001.

2. Plaintiff further proffers that Plaintiff was terminated on the same date as his brother, Chris Salazar, same being the 1st day of January, 2001. Plaintiff further proffers that it was his brother, Chris Salazar, that notified Plaintiff that Plaintiff's presence was requested at the

Sheriff's Office.

3.   Plaintiff further proffers that upon arrival at the Sheriff's Office on December 28, 2000, Lt. McDuffy tendered Plaintiff a letter of termination to Plaintiff with the same effective date of termination as his brother, Chris Salazar, same being January 1, 2001. Plaintiff would further proffer that said letter informed Plaintiff that his services were would no longer be required and that <u>Plaintiff's termination was effective January 1, 2001</u>. Hence Plaintiff respectfully conveys and proffers to this Honorable Court that the correct limitations date for the instant case is January 1, 2003, thus rendering this lawsuit having been filed within the statute of limitations.

At bar, Plaintiff filed his "Plaintiff's Original Petition" in Cause No. 2002-12-5172, In The 103rd Judicial District of Cameron County, Texas, with the Cameron County District Clerk's Office on the 31st day of December, 2002, at 2:15 p.m. as evidence by the filed stamped marked the attached Plaintiff's Original Petition Exhibit No. "A", clearly with the statute of limitation applicable to the instant case.

Plaintiff would further proffer that Plaintiff exercised due diligence in executing service of process by service Cameron County, and Sheriff Conrado Cantu on the 3rd day of January, 2001. See Exhibit No. "F".

4

V.

A. The Court should deny Movants' Motion for Final Summary Judgment for the following:

1. Plaintiff sworn testimony, via his deposition, is that he received notice of termination on December 28, 2000, and that the effective date of termination was January 1, 2001.

As summarized below Plaintiff answer as follows;
Page 52 line 12 thru line 19:

**A. That's fine.**

**Q. Okay. And what did the letter say?**

**A. Effective December 28th, I believe, that your services were no longer needed.**

**Q. Effective December 28th of is that the date you got the letter?**

**A. I am sorry. I believe it was effective January the 1st, January 1st, that my services were no longer going to be needed.**

2. Plaintiff further proffers that by virtue of the notice received effective termination from employment was January 1, 2000.

3. Plaintiff further proffers that there is no controverting affidavit, testimony or other evidence

substantiating that the actual termination date of Plaintiff's employment was none other than January 1, 2001.

Plaintiff admits that Plaintiff received the termination letter on the 28th day of December, 2000, the same day that his brother, Chris Salazar, received his termination letter, and that both notices of termination were to become effective and did become effective January 1, 2001.

Plaintiff more importantly proffers that to Plaintiff's understanding of his actual termination, Plaintiff's wrongful termination did not actually accrue until January 1, 2001.

Plaintiff respectfully proffers that this lawsuit was timely filed.

In alternative defense to the Defendants' respective motions for summary judgment, Plaintiff proffers that the statute of limitations did not begin to run until the January 1, 2001, because Plaintiff's termination was a legal impossibility and could not be effectuated until the newly elected sheriff took office on January 1, 2001, after he had been sworn to office.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Non-Movant prays that this Court will deny Defendants' Motion for Final Summary Judgment, or order such other relief as may be appropriate.

Respectfully submitted,

By: _____
Robert H. Mendoza
Federal I.D. 11418
Texas Bar No.13937670
Brownsville, Texas 78521
Tel. (956)542-3414
Fax. (956)542-6220
Attorney for Plaintiff
GILBERT SALAZAR

## CERTIFICATE OF SERVICE

I certify that on April 26, 2004 a true and correct copy of Plaintiff's Response to Motion for Summary Judgment was served to each person listed below by the method indicated.

_____
Robert H. Mendoza

7

| | |
|---|---|
| Honorable Albert Lopez<br>Attorney for CONRADO CANTU<br>Lopez & Smith<br>3355 Cherry Ridge, Suite 100<br>San Antonio, Texas  78230<br><br>TEL:  210-366-3666<br>FAX:  210-366-1985 | __x__  Certified mail,<br>return receipt requested<br>_____  Personal delivery<br>_____  Private delivery<br>__X__  Facsimile transfer<br>         (210) 366-1985 |
| Roman "Dino" Esparza<br>Attorney for CAMERON COUNTY<br>Willette and Guerra<br>1534 East 6th Street<br>Brownsville, Texas  78520<br>TEL:  956-541-1846<br>FAX:  956-541-1893 | __X__  Certified mail,<br>return receipt requested<br>_____  Personal delivery<br>_____  Private delivery<br>__X__  Facsimile transfer<br>         (956) 541-1893 |