United States District Court
Southern District of Texas
FILED

APR 2 6 2004

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT SALAZAR, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | **Civil Case B-03-024** |
| | § | **(Jury Requested)** |
| CAMERON COUNTY, AND | § | |
| CONRADO CANTU, in his | § | |
| Official Capacity and | § | |
| Individually, Defendants | § | |


### APPENDIX TO
### PLAINTIFF'S RESPONSE TO
### DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT

### TABLE OF CONTENTS

All summary judgment evidence in this appendix is incorporated by reference into Plaintiff's Response to Defendants' Motion for Final Summary Judgment.

TAB I.    Pleadings

    a.    Plaintiff's Original Petition

                                                 Exhibit A

TAB II.   Affidavits

    Affidavit of GILBERT SALAZAR

                                                 Exhibit B

    Affidavit of CHRIS SALAZAR

                                               Exhibit C

    Letter of termination to CHRIS SALAZAR
    From Sheriff Conrado.

                                           Exhibit C-1

TAB III.  Discovery

TAB IV.    Discovery

    1.    Deposition Transcripts.

       Page 52

                                                        Exhibit D

    3.    Other Discovery Exhibits

       Cameron County Clerk's Entries Docket Sheet
       Run DateL 01/22/03

                                                       Exhibit E

       Copy of Citation together with singed Return
       Receipt Card for Honorable County Judge
       Gilberto Hinojosa dated 01/03/2001.

                                                     Exhibit F

       Copy of Citation together with singed Return
       Receipt Card for Sheriff Conrado Cantu dated
       01/03/2001.

                                                  Exhibit F-1

FILED _____ O'CLOCK ____ PM
AURORA DE LA GARZA DIST. CLERK

DEC 3 1 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. _2002-12-5172_

| | | |
|---|---|---|
| GILBERT SALAZAR | * | THE _103rd_ DISTRICT COURT |
| | * | |
| VS. | * | OF |
| | * | * |
| CAMERON COUNTY AND | * | |
| CONRADO CANTU, in his official | * | |
| and individual capacity | * | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **GILBERT SALAZAR**, hereinafter referred to as Plaintiff, complaining of **CAMERON COUNTY** and **CONRADO CANTU**, hereinafter called by name or as defendants, and for such cause of action, would respectfully show unto the Court and jury as follows:

### DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2 unless otherwise ordered by the Court or agreed to by the parties.

I.
### PARTIES

Plaintiff, **GILBERT SALAZAR,** is a resident of Cameron County, Texas.

Defendant, **CAMERON COUNTY,** is a Texas County and may be served with process herein by serving the Honorable Gilberto Hinojosa, County Judge at 964 E. Harrison Brownsville, Texas 78520.

Defendant, **CONRADO CANTU,** is an elected official with Cameron County, Texas and may be served with process at 954 E. Harrison, Brownsville, Texas 78520.

Service of citation is requested by Certified Mail, Return Receipt Requested, as is contemplated by Rule 106 of the Texas Rules of Civil Procedures.

Venue is proper in Cameron County, Texas in that the acts made the basis of this cause of action occurred in Cameron County, Texas and both plaintiff and defendants are located in Cameron County, Texas.



PLAINTIFF'S EXHIBIT

A

## II.
## FACTUAL ALLEGATIONS

The incidents giving rise to this cause of action are a result of a series of illegal and discriminatory occurrences that happened at the **CAMERON COUNTY SHERIFF'S DEPARTMENT** in Cameron County, Texas.

The Plaintiff **GILBERT SALAZAR** was employed with the Cameron County Sheriff's Department as a Sheriff's Deputy from December 1984 until his unlawful termination on January 1,2001.

Approximately one year before his termination, Plaintiff Gilbert Salazar was approached by Defendant Cantu who was at that time running for Sheriff of Cameron County. Cantu asked Plaintiff if he could count on his and his families support in his race against the incumbent Sheriff. Plaintiff Salazar responded he had already committed to support the incumbent and he could not go back on his word.

A few months later, Plaintiff was again approached by Cantu who repeated his request to have Plaintiff support him in his candidacy. Plaintiff Salazar reiterated that he was already supporting Cantu's opponent and politely declined defendant Cantu's request.

The election passed and defendant Cantu defeated the candidate supported by Plaintiff. Defendant Cantu later defeated his Republican opponent and was elected Sheriff.

Prior to taking office, defendant Cantu sent plaintiff Salazar a letter advising him that come January 1, 2001, his services would no longer be needed and he was being terminated effective that date. Plaintiff believes that his termination resulted from his political association and for exercising rights guaranteed under both the State and Federal Constitution. Accordingly, plaintiff brings this cause of action to redress violation of his civil rights.

### III.

The **CAMERON COUNTY SHERIFF'S DEPARTMENT** where Plaintiff worked is a department of defendant **CAMERON COUNTY,** a governmental entity. As such, the Plaintiff is protected from the illegal and discriminatory action described herein.

IV.
## TEXAS CONSTITUTIONAL CAUSES OF ACTION

1. <u>Freedom of Speech:</u>  The actions of the defendants and all those acting in concert with them or at their discretion, deprived Plaintiff Gilbert Salazar of his right of free speech under *Article I, Section 8* of the Constitution of the State of Texas by basing their employment decision on Plaintiff's exercise of free speech on matters of public concern, political candidacy, political support of candidates, and political association.  Such action by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

2. <u>Freedom of Association:</u> The actions of the defendants and all those acting in concert with them or at their discretion, deprived Plaintiff Gilbert Salazar of his right of freedom of association under *Article I, Section 8* of the Constitution of the State of Texas by solely basing their employment decision to an impermissible extent on Plaintiff's exercise to freely associate and/or disassociate with groups, public figures, political candidates and others. Such action by Defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

V.
## 42 U.S.C. § 1983

The defendants and employees, agents and all those acting in concert with them or at their discretion acting under color of law acted with a deliberate indifference and subjected Plaintiff to the deprivations of the following rights, privileges and immunities secured by the laws and Constitution of the United States and Texas when they decided to discriminate, retaliate, refuse to hire, and take other adverse actions against Plaintiff and deny him further access to his job free from hostility and politics.

Specifically, defendants acting in their official capacity deprived Plaintiff of his right to free speech under the First and Fourteenth Amendments to the U.S. Constitution by basing their decision to terminate Plaintiff because of his exercise of free speech on matters of public concern and due to his support of adverse political candidates.  Such retaliatory action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

Further, the defendants acting in their official capacity deprived Plaintiff of his right to privacy by basing their decision to an impermissible extent on Plaintiff's private affairs such as personal, social and political relationships with others.  Such retaliatory action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

In addition, the defendants acting in their official capacity deprived Plaintiff of his right of freedom of association under the First and Fourteenth Amendments to the U.S. Constitution by basing their decision to terminate Plaintiff to an impermissible extent on his exercise of his right to freely associate and/or disassociate and/or disassociate with groups, public figures, political candidates, and others. Such retaliatory action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

The defendants, acting in their official capacity further conspired to deprive Plaintiff of rights guaranteed under the U.S. Constitution by committing such acts that caused injury to Plaintiff. Said actions were an attempt by defendants to accomplish an unlawful purpose by unlawful means. Such action by defendants were a customary practice and further enforced by policy makers in an arbitrary, capricious, unreasonable, unlawful, unconstitutional and discriminatory manner.

As a result of these unlawful deprivations, Plaintiff has effectively been the victim of discrimination, retaliation, denial of employment, and other adverse actions. As a result, plaintiff has suffered anxiety, mental anguish, humiliation, embarrassment, and other emotional harm and distress, in addition to the loss of wages in the past and future.

## VI.
## 42 U.S.C. § 1985(3)

Plaintiff asserts a cause of action against Defendant Conrado Cantu, in his individual and official capacity, for conspiracy to violate his respective civil rights. Defendant Cantu conspired to illegally commit such acts that caused injury to Plaintiff. Said actions were an attempt by Defendant to accomplish the deprivation of Plaintiff's civil rights and privileges under the equal protection of the law by taking actions in furtherance of Defendant's attempt to deprive and infringe upon Plaintiff's individual and respective rights to free speech, freedom of association, and right to privacy. Defendant was aware of the wrongful nature of his act and benefitted or in intended to benefit by such actions.

## VII.
## ACTUAL DAMAGES

As a result of the incidents described above, Plaintiff has suffered mental pain and anguish. In all reasonable probability, Plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has been further caused a loss or earnings and a loss of earning capacity well into the future. As a result, Plaintiff sues to regain all compensatory damages and any other relief to which he may be entitled to both in law and equity.

VIII.
## ATTORNEY'S FEES

By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that are reasonable and necessary. In this connection, Plaintiff will show that the attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action. A reasonable attorneys fee is requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.

IX.
## JURY TRIAL REQUEST

Plaintiff requests that a jury be convened in the trial of this cause.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff requests that Defendant take notice of the filing of this petition and that the following be granted:

a).     Judgment against Defendant for Plaintiff damages;

b).     Prejudgment interest as allowed by law;

c).     Interest on said judgment at the legal rate from date of judgment;

d).     Attorneys fees;

e).     For costs of suit herein; and

f).     Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS
803 Old Port Isabel Rd.
Brownsville, Texas   78521
(956) 550-1115   Telephone
(956) 550-1134   Telefax

BY: _____
MIGUEL SALINAS
State Bar No. 17534750

ATTORNEY FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **GILBERT SALAZAR,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Case B-03-024** |
| | § | **(Jury Requested)** |
| **CAMERON COUNTY, AND** | § | |
| **CONRADO CANTU,in his** | § | |
| **Official Capacity and** | § | |
| **Individually, Defendants** | § | |

### AFFIDAVIT OF GILBERT SALAZAR, PLAINTIFF

BEFORE ME, the undersigned authority, personally appeared GILBERT SALAZAR, who being duly sworn, deposed as follows:

"My name is GILBERT SALAZAR. I am at least 18 years of age and of sound mind. I have personal knowledge of the facts alleged in Plaintiff's Response to Defendants' Motion for Summary Judgment, Plaintiff's Original Petition, and in the instant affidavit. I hereby swear that the following statements in support of Plaintiff's Response to Defendants' Motion for Summary Judgment are true and correct.

"On December 28, 2000, I was informed, via radio, by my brother, Chris Salazar, that I had to go to the Sheriff's office, that I had a letter waiting there for me. Upon arriving at the Sheriff's Office and I made contact with Lt. McDuffy. At that time



Lieutenant McDuffy, after making the following comments said to me: " What did you do to the Sheriff"? I did not know which sheriff Lieutenant McDuffy was referring to so I asked him – Omar? Sheriff Omar? Lieutenant McDuffy then replied "No" "Sheriff Cantu". And after that Lieutenant McDuffy handed me a letter. The letter in question was a letter from the newly elected Sheriff Cantu addressed to me, Gilbert Salazar, stating, in essence, that my services were no longer needed ---- that my termination was effective January 1, 2001."

"Accordingly, I hereby attest that I received the termination letter addressed to me and signed by newly elected Sheriff, Conrado Cantu, on the 28th day of December, 2000, and same advised me in writing that my services were no longer required and that my terminated would be effective January 1, 2001".

"As to the letter of termination, I have used due diligence and I have not been able to locate it in my personal papers" " I am continuing to search for the letter in question, and upon locating same I will provide it to all parties". "I do, however, believe, that the Cameron County Sheriff's Department should have their own copy".

"I hereby further attest that I am not an attorney, nor do I have any special training in the litigation realm. To my knowledge my cause of action did not accrue until the 1st of January, 2001".

"I hereby attest that the I have read the above statements and same are true and correct".

GILBERT SALAZAR

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 26th day of April, by Gilbert Salazar.



Notary Public, State of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GILBERT SALAZAR,            §
Plaintiff                  §
                           §
v.                         §    Civil Case B-03-024
                           §    (Jury Requested)
CAMERON COUNTY, AND        §
CONRADO CANTU,in his       §
Official Capacity and      §
Individually, Defendants   §

### AFFIDAVIT OF CHRIS SALAZAR

**BEFORE ME**, the undersigned authority, on this day personally appeared CHRIS SALAZAR, the undersigned affiant, who swore on oath that the following facts are true:

"My name is CHRIS SALAZAR. I am over 18 years of age, of sound mind and fully competent to make this affidavit.  I have personal knowledge of the facts herein stated and they are all true and correct.

" On December 28, 2000, I called my brother, Gilbert Salazar, and advised him that I was told to call my brother and tell him to report to the Sheriff's Office". Sometime after my brother, Gilbert Salazar,had been to the Sheriff's office he informed me that he gotten a letter stating that he was terminated. Upon review of the letter, his letter was basically the same letter that I received". "It basically stated that Gilbert Salazar was terminated and that his termination was effective January 1, 2001". " I have attached a



PLAINTIFF'S EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **GILBERT SALAZAR,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Case B-03-024** |
| | § | **(Jury Requested)** |
| **CAMERON COUNTY, AND** | § | |
| **CONRADO CANTU, in his** | § | |
| **Official Capacity and** | § | |
| **Individually, Defendants** | § | |

### AFFIDAVIT OF CHRIS SALAZAR

**BEFORE ME,** the undersigned authority, on this day personally appeared CHRIS SALAZAR, the undersigned affiant, who swore on oath that the following facts are true:

"My name is CHRIS SALAZAR. I am over 18 years of age, of sound mind and fully competent to make this affidavit. I have personal knowledge of the facts herein stated and they are all true and correct.

" On December 28, 2000, I called my brother, Gilbert Salazar, and advised him that I was told to call my brother and tell him to report to the Sheriff's Office". Sometime after my brother, Gilbert Salazar, had been to the Sheriff's office he informed me that he had gotten a letter stating that he was terminated. Upon review of the letter, his letter was basically the same letter that I received". "It basically stated that Gilbert Salazar was terminated and that his termination was effective January 1, 2001". " I have attached a copy of my letter to basically illustrate that the



PLAINTIFF'S EXHIBIT
FRIERA DALLAS, TX
C

letter my brother, Gilbert Salazar, received was the same as mine, with the same date of termination, that is, January 1, 2001".

" I have read the above statements and same are true and correct".

_____
CHRIS SALAZAR, Affiant


**SUBSCRIBED AND SWORN TO BEFORE ME** on the 26th day of April, 2004, by Chris Salazar.



_____
Notary Public, State of Texas

*To Serve & Protect*



954 East Harrison Street
Brownsville, Texas 78520
956.550.7290
956.544.0878 Fax

608 East Harrison Street
Harlingen, Texas 78550
956.427.8060
Fax 956.412.1402

**CONRADO M. CANTÚ**
Sheriff

December 28, 2000

Chris Salazar
Cameron County Sheriff's Department
Jail/Detention Division
954 E. Harrison Street
Brownsville, TX. 78520

Mr. Salazar,

Thank you for your time vested the citizens of Cameron County. However, effective January 1, 2001, your services with the Cameron County Jail/Detention Division will no longer be required.

Please make arraignments with Lieutenant Abel Garcia to return keys, equipment, uniforms, and any other supplies issued to you by this department.

Respectfully,

Conrado M. Cantu
Sheriff-Elect



CAMERON COUNTY SHERIFF'S DEPARTMENT
*Open Door Policy*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GILBERT SALAZAR,                      *
                    Plaintiff,        *
                                      *
VS.                                   *  CIVIL ACTION NO. B-03-024
                                      *  (JURY REQUESTED)
CAMERON COUNTY, AND CONRADO           *
CANTU, in his Official and            *
Individual Capacity,                  *
                    Defendants.       *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VIDEOTAPED AND ORAL DEPOSITION OF
GILBERT SALAZAR
JANUARY 30, 2004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


    ORAL DEPOSITION OF GILBERT SALAZAR, produced as a witness

at the instance of the Defendant and duly sworn, was taken in

the above-styled and numbered cause on the 30th day of January

2004, from 1:00 p.m. to 3:10 p.m., before Katherine J.

Brookbank, CSR in and for the State of Texas, reported by

method of machine stenography, at the office of Robert

Mendoza, 515 St. Charles Street, Brownsville, Texas, 78521,

pursuant to the Texas Federal Rules of Civil Procedure and the

provisions stated on the record hereto.


ORIGINAL



```
 1                          APPEARANCES

 2

       FOR THE PLAINTIFF(S)
 3          Mr. Robert Mendoza
            Law Offices of Robert Mendoza
 4          515 St. Charles Street
            Brownsville, Texas  78521
 5
       FOR THE DEFENDANT(S)
 6          Mr. Roman "Dino" Esparza
            Willette & Guerra, L.L.P.
 7          International Plaza, Suite 460
            3505 Boca Chica Boulevard
 8          Brownsville, Texas  78521

 9          Mr. Albert Lopez
            Lopez & Smith
10          3355 Cherry Ridge, Suite 100
            San Antonio, Texas  78230
11

12     ALSO PRESENT:  Ms. Katherine J. Brookbank, CSR
                      Juan Zamora, Televideo & Audio Production
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                          APPEARANCES

 2

    FOR THE PLAINTIFF(S)
 3        Mr. Robert Mendoza
          Law Offices of Robert Mendoza
 4        515 St. Charles Street
          Brownsville, Texas  78521
 5
    FOR THE DEFENDANT(S)
 6        Mr. Roman "Dino" Esparza
          Willette & Guerra, L.L.P.
 7        International Plaza, Suite 460
          3505 Boca Chica Boulevard
 8        Brownsville, Texas  78521

 9        Mr. Albert Lopez
          Lopez & Smith
10        3355 Cherry Ridge, Suite 100
          San Antonio, Texas  78230
11

12    ALSO PRESENT:  Ms. Katherine J. Brookbank, CSR
                     Juan Zamora, Televideo & Audio Production
13

14

15

16

17

18

19

20

21

22

23

24

25
```

POCKURS COURT REPORTING SERVICE
1-800-423-7713

```
1              T A B L E   O F   C O N T E N T S

2                                                   PAGE

3    AGREEMENTS OF COUNSEL . . . . . . . . . . . . . . .   4

4


5    EXAMINATION OF GILBERT SALAZAR:

6         By Mr. Roman "Dino" Esparza  . . . . . . . . .   6
          By Mr. Albert Lopez  . . . . . . . . . . . .  66
7
     CHANGES AND SIGNATURE . . . . . . . . . . . . . .  98
8
     WITNESS'S SIGNATURE CERTIFICATE . . . . . . . . .  99
9
     FILING CERTIFICATION  . . . . . . . . . . . . . . 100
10


11
     OBJECTIONS
12        Mr. Robert Mendoza                            81

13


14   EXHIBITS
     NO. DESCRIPTION                         MK'D   ID'D
15
     1 - Plaintiff's Original Petition         36   36
16
     2 - Letter (to be provided by the witness)  52   52
17
     3 - December 2000 Calendar                61   61
18

19

20

21

22

23

24

25
```

```
1                    A G R E E M E N T S

2

3          It was agreed by and between counsel for the

4    Plaintiff(s) and Defendant(s) that no objections need be made

5    by any party at the time of taking said deposition, except

6    objections as to the form of the question or the

7    responsiveness of the answer, which if not made during the

8    deposition are waived; but if and when said deposition, or any

9    portion thereof, is offered in evidence at the trial of this

10   cause by any party thereto, it shall be subject to any and all

11   legal objections, such objections to be made at the time of

12   tender, the same as though the witness were on the stand

13   personally testifying;

14         It was further agreed that the original deposition

15   transcript was delivered on the  10th  day of February,

16   2004, to Mr. Robert Mendoza, 515 St. Charles Street,

17   Brownsville, Texas, 78521, for examination and signature and

18   is to be returned to Pockrus Reporting Service.  If and when

19   the original deposition transcript is returned with the

20   correction sheet containing the changes made by the witness,

21   if any, a copy of the changes will be forwarded to the Clerk

22   and all counsel of record;

23         It was further agreed that in the event the original

24   deposition is not signed by the witness within thirty (30)

25   days and filed at the time of trial or hearing, that the
```

1  original or a certified copy of said deposition may be filed

2  in Court and used herein as though the witness had signed the

3  original deposition.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    A    Correct.

2    Q    And you went and you -- you received this letter?

3    A    I went to the sheriff's office.  I went in to

4  Lieutenant McDuffy.  He was a lieutenant.  And he was the one

5  that handed -- gave me the letter.

6    Q    Okay.  Right here I would like to have a -- a blank

7  page or have something marked as -- as Exhibit 2 so that you

8  can just -- when you get your -- your deposition for review,

9  let's insert the letter as -- as Exhibit 2, into the

10  letter(sic).  Is that okay?

11    A    That's fine.

12    Q    Okay.  And what did the letter say?

13    A    Effective December the 28th, I believe, that your

14  services were no longer needed.

15    Q    Effective December 28th or is that the date that you

16  got the letter?

17    A    I am sorry.  I believe it was effective January the

18  1st, January 1st that my services were no longer going to be

19  needed.

20    Q    Okay?

21    A    But I received it the 20 --

22    Q    The 28th?

23    A    I have it there.  I will -- I will bring you a copy.

24    Q    Let me -- let me show you a calendar.  This -- and I

25  don't want -- I mean, I don't want to confuse you on the,

RUN DATE 01/22/03
RUN TIME 4:25 PM

* * * *  C L E R K ' S   E N T R I E S  * * * *

CERTIFIED COPY

PAGE: 01
2002-12-005172-D

GILBERT SALAZAR

VS

CAMERON COUNTY AND CONRADO CANTU, IN HIS OFFICIAL

00338901
HON. MIGUEL SALINAS
803 OLD PORT ISABEL RD.
BROWNSVILLE, TEXAS    78521 0000

(10)                      12    31    02

DAMAGES                          30.00

MIGUEL SALINAS

12/31/02  ORIGINAL PETITION FILED
12/31/02  JURY FEE: Pd. by HON. MIGUEL SALINAS
12/31/02  CITATION (CM): CAMERON COUNTY
12/31/02  SERVED: 01/03/03        FILED: 01/08/03
12/31/02  CITATION (CM): CONRADO CANTU    FILED: 01/07/03
12/31/02  SERVED: 01/03/03

PLAINTIFF'S
EXHIBIT
E

ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2002-12-005172-D

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CAMERON COUNTY
      BY SERVING THE HONORABLE
      GILBERTO HINOJOSA
      COUNTY JUDGE
      964 E. HARRISON
      BROWNSVILLE, TEXAS  78520
the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before '10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on DECEMBER 31, 2002 .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-12-005172-D.

The style of the case is:

GILBERT SALAZAR
VS.
CAMERON COUNTY AND CONRADO CANTU, IN HIS OFFICIAL

Said petition was filed in said court by _____ HON. MIGUEL SALINAS _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
803 OLD PORT ISABEL RD. BROWNSVILLE, TEXAS    78521 _____ .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of DECEMBER , A.D. 2002 .



AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: _____ , Deputy

PLAINTIFF'S
EXHIBIT
E

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the <u>31st</u> of
<u>DECEMBER</u>  <u>2002</u>,  I mailed to

<u>CAMERON COUNTY</u>

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  <u>1700909745</u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>AURORA DE LA GARZA</u>, District Clerk
Cameron County, Texas

By:_____, Deputy

<table>
<tr><td colspan="2">

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

</td></tr>
<tr><td>NAME OF PREPARER</td><td>TITLE</td></tr>
<tr><td colspan="2">ADDRESS</td></tr>
<tr><td>CITY</td><td>STATE      ZIP</td></tr>
</table>

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CAMERON COUNTY
BY SERVING THE HONORABLE
GILBERTO HINOJOSA
COUNTY JUDGE
964 E HARRISON
BROWNSVILLE TEXAS 78520

2. Article Number
(Transfer from service label)

00170090 9745

PS Form 3811, August 2001          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  ADOLFO GARZA       ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery  1-3-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-02-M-1540


PLAINTIFF'S
EXHIBIT
FALCON·DALLAS, TX

Citation for Personal Service — BY CERTIFIED MAIL   Lit. Seq. # 5.003.01

No. 2002-12-005172-D

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CONRADO CANTU
954 E. HARRISON
BROWNSVILLE, TEXAS   78520

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINITFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on DECEMBER 31, 2002. A copy of same accompanies this citation.

The file number of said suit being No. 2002-12-005172-D.

The style of the case is:

GILBERT SALAZAR
VS.
CAMERON COUNTY AND CONRADO CANTU, IN HIS OFFICIAL

Said petition was filed in said court by _____ HON. MIGUEL SALINAS _____ (Attorney for _____ PLAINTIFF _____), whose address is 803 OLD PORT ISABEL RD. BROWNSVILLE, TEXAS   78521.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 31st day of DECEMBER, A.D. 2002.

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

_____, Deputy

PLAINTIFF'S
EXHIBIT
F-1

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

CERTIFICATE ♪ DELIVERY OF MAIL

I hereby certify that on the <u>31st</u> of

<u>DECEMBER  2002</u>,   I mailed to

<u>CONRADO CANTU</u>

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  <u>1700909714</u>
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>AURORA DE LA GARZA</u>, District Clerk
Cameron County, Texas

By: _____, Deputy


PLAINTIFF'S
EXHIBIT